## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DENISE MAHER, individually and on behalf
of herself and all others similarly situated,

                Plaintiff,

v.                                                              No. CIV 06-714 JP/LFG

STEPHEN L. SOLOMON,

                Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION
THAT JUDGMENT DEBTOR'S OBJECTIONS BE DENIED**

### Introduction

THIS MATTER is before the Court on the United States Magistrate Judge's Report and Recommendation that the Judgment Debtor's (Defendant Stephen L. Solomon) January 22, 2009 Objections [Doc. No. 115] be denied. [Doc. No. 127.] On March 12, 2009, Stephen L. Solomon ("Debtor Solomon") filed objections to the Magistrate Judge's Report and Recommendation. [Doc. No. 128.]

### Background

On December 8, 2008, Plaintiff Denise Maher ("Ms. Maher") filed an application for writ of garnishment against Debtor Solomon. [Doc. No. 111.] On that same date, this Court issued a Writ of Garnishment. [Doc. No. 112.] On January 12, 2009, the Garnishee FastBucks Wage and Benefits

LLC filed an Answer to the Writ of Garnishment. [Doc. No. 114.] On January 22, 2009, Debtor Solomon filed objections to the Answer to the Writ of Garnishment. [Doc. No. 115.]

On January 26, 2009, this Court referred the objections to the Chief United States Magistrate Judge to conduct a hearing and to issue recommendations. [Doc. No. 116.] The Magistrate Judge held an evidentiary hearing on February 27, 2009, at which counsel for Ms. Maher and Debtor Solomon and the Garnishee were present. [Doc. No. 126.] After considering arguments from the parties and evidence presented, the Magistrate Judge issued a report recommending that the Judgment Debtor's January 22, 2009 objections to the Answer to the Writ be denied. [Doc. No. 127.] As stated above, Debtor Solomon filed objections. [Doc. No. 128.]

The Court conducted a *de novo* review of those portions of the Magistrate Judge's report and recommendation to which Debtor Solomon objected. The Court adopts the Magistrate Judge's report and recommendation that the January 22, 2009 objections to the Answer to the Writ of Garnishment be denied.

The Court observes that Debtor Solomon's March 12, 2009 objections essentially do nothing more than re-argue the same positions already considered and rejected by the Magistrate Judge. For example, Debtor Solomon repeatedly urges the Court to find that New Mexico does not have jurisdiction to enforce the write because the "garnishment *res* sought by Ms. Maher exists only in Texas. . . ." [Doc. No. 128, p.1.] Debtor Solomon's mantra is that the Magistrate Judge's recommendation is flawed or erroneous because it ignores "the predicate requirement that the garnishment *res* actually be physically located in New Mexico." [Doc. No. 128, p. 2.] *See also* Objections, Doc. No. 128, pp. 3, 4, 6, 7, 8, 9, 10, 11, 12, 13 (all repeating the argument that the *res* or property sought to be garnished is not located in New Mexico).

2

In addition, Debtor Solomon raises the same case law in support of his position already considered and rejected by the Magistrate Judge, *e.g.,* Livingston v. Naylor, 173 Md. App. 488, 920 A.2d 34 (Md. App. 2007). [Doc. No. 128, p. 5; Doc. No. 115, p. 4.] The Court again reviewed the facts of Livingston v. Naylor and finds them distinguishable.  In Livingston, the plaintiff broke into Defendant Naylor's home in North Carolina and battered Naylor, inflicting serious bodily injuries. Livingston was convicted in North Carolina of assault with a deadly weapon and second degree burglary.  Id. at 491.  Naylor filed suit in North Carolina seeking damages against Livingston. Livingston did not answer the complaint, and default judgment was entered by North Carolina courts.

Livingston was a North Carolina resident who was employed by Marriott at various locations in North Carolina, Virginia and Maryland.  After default judgment was entered, Livingston moved to Virginia, but then returned to North Carlina where Naylor's attempts to garnish Livingston's wages failed because wages were exempt from garnishment in North Carolina.  Id. at 491-92.

Livingston then was assigned to work temporarily in Maryland.  Naylor attempted to garnish Livingston's wages by enrolling the judgment in the Maryland courts.  The question was whether the courts of Maryland could enforce that judgment absent minimum contacts.  Livingston argued that his relatively brief presence in Maryland while on assignment for Marriott should not support garnishment of wages that were normally paid to him in North Carolina.  The Maryland Court of Appeals ultimately remanded the case for further proceedings, finding in part that this was not a situation where "Maryland had any prior contact with the underlying litigation."  Id. at 520.

Such is not the case here.  New Mexico did have prior contact with the underlying litigation. Indeed, it is where Ms. Maher suffered the injury and where the pertinent judgments were entered in favor of Ms. Maher.  The Magistrate Judge's thorough findings regarding Debtor Solomon's

3

activities in New Mexico occurring during the pertinent time frame are well documented and undisputed.  While Debtor Solomon argues that those factors are irrelevant, the Court disagrees and overrules his objections.

In addition, the Maryland Court of Appeals concluded that the only *res* owned by Livingston within the borders of Maryland and "properly garnishable in this State" would be the wage obligation owed to Livingston for services rendered while Livingston was physically present in Maryland. Id. at 521.  The same is true here.  The Magistrate Judge determined that the "*res* obligation" here was earned, in part, by Debtor Solomon's work-related activities in New Mexico.  Thus, these wages are "properly garnishable" as they were earned for services rendered while Debtor Solomon was in New Mexico or was working with the garnishee's New Mexico companies.

## Conclusion

IT IS HEREBY ORDERED that the report and recommendation of the United States Magistrate Judge is adopted by the Court and that Debtor Solomon's March 12, 2009 Objections are overruled;

IT IS FURTHER ORDERED that Debtor Solomon's January 22, 2009 Objections to the Answer to the Writ of Garnishment [Doc. No. 115] are denied; and

IT IS THEREFORE ORDERED that Counsel for Ms. Maher should prepare a stipulated Order directing the Garnishee to tender to the Judgment Creditor the amounts being held by the Garnishee and submit the Order to the Court within ten (10) days after entry of this Order.

                                                                                            *James A. Parker*
                                                                                            JAMES A. PARKER
                                                                                            UNITED STATES DISTRICT COURT